[No. 33034-9-I. Division One. January 17, 1995.]

CHARLES I. MCCLURE, *Appellant*, v. DAVIS WRIGHT
TREMAINE, ET AL, *Respondents*.

*Marianne K. Jones* and *Tollefson & Co., P.C.,* for appellant.

*Arthur W. Harrigan* and *Danielson, Harrigan, Smith & Tollefson,* for respondents.

PEKELIS, C.J. — Charles McClure appeals from an order compelling arbitration. He also requests reversal of the trial court's imposition of CR 11 sanctions. We affirm.

In September of 1980, a group of investors formed the limited partnership of Bellevue Olympic Investors (BOI). Donald Lewison, an individual doing business as Evergreen Management Company (EMC), was both the general partner and a limited partner. Charles McClure was a limited partner. On December 7, 1983, the partners signed an amended partnership agreement (Agreement) which contained an arbitration clause.

From 1982 through 1986, Lewison and EMC allegedly defaulted on loans and gave several deeds in lieu of foreclosure. In 1990, McClure sued Lewison claiming that prior to entering into the BOI partnership, Lewison failed to dis-

close information on his financial and business history. In August of 1990, the trial court ordered that all but one of the claims against Lewison be submitted to arbitration.

On April 27, 1992, McClure commenced an action against Davis Wright Tremaine (hereinafter Davis Wright). From November 1983 through January 1988, James Judson of Davis Wright acted as the attorney for the BOI partnership. During this same period, Judson also represented Lewison and EMC in several other matters. McClure contends that having represented the general partner in other matters, Davis Wright knew or reasonably could have known of Lewison's financial condition. As a result, McClure charged the firm with breach of fiduciary duty for failing to disclose to the limited partners information on the general partner's finances.

In May of 1992, Davis Wright and Lewison wrote McClure demanding that the claim against Davis Wright be arbitrated by the same panel as the McClure v. Lewison suit. This demand was reiterated in a motion to compel arbitration. The trial court ordered arbitration. McClure filed a motion for reconsideration. The trial court denied the motion and imposed CR 11 sanctions on McClure.

The arbitrators heard McClure's claims against both Lewison and Davis Wright. They found that McClure's claim against Davis Wright was without merit and therefore dismissed it. The trial court entered an order confirming the arbitrators' decision.

### RIGHT TO COMPEL ARBITRATION

McClure appeals the trial court's ruling that his claim against Davis Wright was arbitrable. The arbitration clause in the BOI partnership agreement reads:

> Any dispute, controversy or claim arising out of or in connection with, or relating to, this Agreement or any breach or alleged breach hereof, . . . shall, upon the request of any party involved, be submitted to, and settled by, arbitration . . ..

An arbitration clause which encompasses any controversy "relating to" a contract is broader than language covering only claims "arising out" of a contract. *International Talent*

*Group, Inc. v. Copyright Mgt., Inc.*, 629 F. Supp. 587, 592 (S.D.N.Y. 1986). The term "relating to" is sufficiently broad to include a claim for breach of fiduciary duty. *Pierson v. Dean, Witter, Reynolds, Inc.*, 742 F.2d 334, 338 (7th Cir. 1984).

McClure seeks to avoid the broad language of the arbitration clause by claiming that: (1) because Davis Wright was not a party to the agreement, it cannot avail itself of the arbitration clause and (2) his controversy with Davis Wright was not related to its role as Lewison's agent, but rather was the product of the attorney-client relationship that Davis Wright had with him and the other limited partners.

McClure relies on the portion of the arbitration clause which states that a controversy "upon the request of any party involved, be submitted to, and settled by, arbitration" to support his first argument. He contends that because of this limitation a nonsignatory such as Davis Wright cannot compel arbitration. We disagree.

Taken in context of the entire sentence, the phrase "any party involved" appears to refer to any party involved in a controversy relating to the Agreement, not simply to parties to the Agreement. Thus, if McClure's controversy with Davis Wright related to the Agreement, Davis Wright would have the authority to request arbitration even though it was not a signatory to the Agreement.[1]

Even if this court were to accept McClure's interpretation of the phrase "any party involved", it would not foreclose a decision that the matter was arbitrable. Numerous courts have held that even when it is not explicitly provided for in an arbitration agreement, some nonsignatories can compel arbitration under the doctrine of equitable estoppel or under normal contract and agency principles. *E.g., Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753,

---

[1] It is important to note, however, that in reaching this decision this court has not had to address the more difficult question of whether an arbitration clause allows a signatory to compel a nonsignatory to arbitrate. McClure is a signatory and, therefore, was on notice that he would be required to arbitrate disputes arising out of the Agreement.

757 (11th Cir. 1993), *cert. denied*, 115 S. Ct. 190 (1994); *American Ins. Co. v. Cazort*, 316 Ark. 314, 322, 871 S.W.2d 575, 579 (1994). Furthermore, in this instance, Lewison, a signatory to the Agreement, requested that the dispute between Davis Wright and McClure be arbitrated. Given that his own financial condition was a central issue in the controversy, certainly Lewison was within his rights to have the matter settled in the manner prescribed by the Agreement.

McClure's second argument is equally unpersuasive. Davis Wright characterizes itself as Lewison's agent. McClure does not dispute Davis Wright's contention that agents can enforce arbitration agreements made by their principals. He, however, contends that his claim against Davis Wright does not relate to his role as Lewison's agent but is rooted in his own independent attorney-client relationship with Davis Wright.[2] McClure does not claim that he had an express attorney-client relationship with Davis Wright. He claims instead that because Davis Wright was the attorney for the limited partnership, it owed the limited partners a fiduciary duty, which it breached.

Courts are divided on the issue of whether an implied attorney-client relationship exists between the attorney for the general partner and the limited partners. *Compare, e.g., Arpadi v. First MSP Corp.*, 68 Ohio St. 3d 453, 458, 628 N.E.2d 1335, 1339 (1994) (holding that the attorney for the general partner owes the limited partners a fiduciary duty), *with Edmunds v. Superior Court*, 24 Cal. App. 4th 221, 232, 29 Cal. Rptr. 2d 281, 232 (1994) (holding that the totality of the circumstances determines whether the attorney shares with the limited partners an attorney-client relationship),

---

[2]Although McClure did raise this argument in his memorandum in opposition to the motion to compel arbitration, it is not apparent from the face of the complaint that the claim is based on some independent attorney-client relationship. The complaint merely states that because Davis Wright represented Lewison and EMC in other matters, it knew or could have known of Lewison's financial situation. From this assertion, it is possible to characterize the claim as stemming from the law firm's role as Lewison's agent. Other courts have found that agents can avail themselves of an arbitration agreement made by their principals. *E.g., Arnold v. Arnold Corporation-Printed Communications for Business*, 920 F.2d 1269 (6th Cir. 1990).

*and with Quintel Corp., N.V. v. Citibank, N.A.*, 589 F. Supp. 1235, 1241 (S.D.N.Y 1984) (holding that unless it is reasonably foreseeable that the limited partners will rely on the attorney's advice, there is no implied attorney-client relationship). Whether such a relationship exists in this case, however, is a matter of substantive law that is to be addressed by the appropriate tribunal once the issue of arbitrability is settled. It is sufficient to recognize that even if Davis Wright owed McClure a fiduciary duty, the breach of the duty as alleged in this case is still very much "related to" the Agreement.

 Thus, any implied attorney-client relationship which exists between McClure and Davis Wright is a product of the legal relationships established in the Agreement. The Agreement creates the partnership which in turn creates, according to McClure, the fiduciary duty owed him by Davis Wright. More importantly, the allegation that Davis Wright breached its duty to McClure when it failed to notify him of Lewison's financial condition is intimately linked to the obligations and rights established in the Agreement. McClure relies on the terms and legal significance of the Agreement to support his alleged right to demand disclosure of Lewison's financial condition.

As a result, McClure's claim is sufficiently related to the Agreement to fall within the scope of the broad language of the arbitration clause. Our conclusion is consistent with the " 'strong public policy . . . favoring the arbitration of disputes.' " *ML Park Place Corp. v. Hedreen*, 71 Wn. App. 727, 737, 862 P.2d 602 (1993) (quoting *Herzog v. Foster & Marshall, Inc.*, 56 Wn. App. 437, 443, 783 P.2d 1124 (1989)), *review denied*, 124 Wn.2d 1005 (1994).

## CR 11 SANCTIONS

█ The trial court imposed sanctions on McClure for failing to ascertain whether there was a factual basis for his motion to reconsider the decision to compel arbitration. McClure appeals this decision. This court reviews a decision to impose CR 11 sanctions for an abuse of discretion. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994).

In his motion to reconsider, McClure emphasized that his claim against Davis Wright was founded on their attorney-client relationship. He contended that if the Agreement is interpreted by the court as requiring him to arbitrate his dispute with Davis Wright, the law firm never fully explained the consequences of the clause to him. He argued that "[a]ttorneys have an obligation to scrutinize any contract which they advise their client to execute and are required to disclose the full import of the instrument and possible consequences that may arise upon execution of it." He claims that he relied on Davis Wright's review of the Agreement and that its failure to explain to him the full import of the arbitration clause constituted a breach of its fiduciary duty which required that the arbitration clause be voided.

McClure's contention would create an almost infinite duty to warn of every possibility no matter how obvious or unlikely. However, we need not reach the question of the extent of Davis Wright's hypothetical duty in this case. The trial court found that there was no evidence to support McClure's contention that he relied on Davis Wright's review of the Agreement when he executed it. There was substantial evidence to support the trial court's finding. In his deposition, McClure testified that he relied on another limited partner's advice in connection with the preparation of the Agreement and that he did not recall any conversations with Judson on the matter. McClure's counsel had an obligation to ascertain if there was a factual basis for the claim made in his motion for reconsideration that McClure relied on Davis Wright when executing the Agreement before filing the motion for reconsideration. Given the lack of a factual foundation, the trial court did not abuse its discretion in imposing CR 11 sanctions.

### SANCTIONS FOR A FRIVOLOUS APPEAL

Davis Wright requests that pursuant to RAP 18.7 and 18.9, this court impose sanctions on McClure for a frivolous appeal. "[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so

totally devoid of merit that there was no reasonable possibility of reversal." *Green River Comm'ty College, Dist. 10 v. Higher Educ. Personnel Bd.*, 107 Wn.2d 427, 443, 730 P.2d 653 (1986). Under this standard, given that the right of a nonsignatory to compel arbitration has never been directly addressed in Washington, McClure's appeal was not frivolous.

AGID and BECKER, JJ., concur.