217 P.3d 1191 (2009)
Greg DAVIS, Individually, Appellant,
v.
GENERAL DYNAMICS LAND SYSTEMS, a Texas Corporation Licensed to do Business in Washington; Kenneth "Ken" Sharkey and "Jane Doe" Sharkey; and Jeffery "Jeff" Taylor and "Jane Doe" Taylor, Respondents.
No. 38110-9-II.
Court of Appeals of Washington, Division 2.
Argued September 11, 2009.
Decided October 13, 2009.
Thaddeus Phillip IV Martin, Attorney at Law, Daniel A. Mares, Law Office of Thaddeus P. Martin, Tacoma, WA, for Appellant.
Bruce Michael Cross, Perkins Coie LLP, Seattle, WA, Maralee Downey, Attorney at Law, Seattle, WA, for Respondent.

*1192 PUBLISHED OPINION
HOUGHTON, J.
¶ 1 Greg Davis appeals the trial court's dismissal of his claims against his current employer, General Dynamics Land Systems, for failure to arbitrate. He argues that because his claims relate only to the period he was a contract worker, they are not subject to arbitration. General Dynamics argues that when he signed the dispute resolution policy (Arbitration Agreement), he agreed to have covered claims, including those predating his employment, decided by arbitration. We reverse and remand for further proceedings.

FACTS
¶ 2 From October 2005 to April 2006, Davis was an employee of Contract Professionals, Inc., a contract house that provides workers to other employers. While he was a Contract Professionals employee, he worked for General Dynamics as a contract worker. In April 2006, General Dynamics hired him as an employee and he continues to work in that capacity. When he became an employee, he signed the Arbitration Agreement covering certain employment claims he may have against General Dynamics.
¶ 3 In his amended complaint, Davis alleged racial discrimination by General Dynamics and its employees during the time he was a contract worker. General Dynamics argued that the trial court should dismiss his complaint because he signed the Arbitration Agreement and failed to submit the matter for arbitration.
¶ 4 The trial court granted the motion to dismiss, stating, "I think that by signing this, [Davis] agreed to the arbitration of all claims arising out of his employment; and a lot of this is sort of those lovely little technical arguments." Report of Proceedings at 14. The trial court ruled that questions of arbitrability are subject to arbitration. Davis appeals.

ANALYSIS
¶ 5 Davis contends that the trial court erred by sending his case to arbitration because the Arbitration Agreement does not cover claims arising from his time as a contract worker. General Dynamics counters that Davis's distinction is insignificant because when he signed the Arbitration Agreement, he agreed to use the dispute resolution process for all claims against General Dynamics and its employees. For the reasons explained below, we agree with Davis.
¶ 6 We review questions of arbitrability de novo and determine the arbitrability of the dispute by examining the arbitration agreement between the parties. Heights at Issaquah Ridge, Owners Ass'n v. Burton Landscape Group, Inc., 148 Wash.App. 400, 403-04, 200 P.3d 254 (2009); Stein v. Geonerco, Inc., 105 Wash.App. 41, 45-46, 17 P.3d 1266 (2001). If we can fairly say that the parties' arbitration agreement covers the dispute, the inquiry ends because Washington strongly favors arbitration. Heights, 148 Wash.App. at 403-04, 200 P.3d 254; Mendez v. Palm Harbor Homes, Inc., 111 Wash.App. 446, 454, 45 P.3d 594 (2002).
¶ 7 Here, the Arbitration Agreement provides:
Agreement to submit All Covered Claims to Dispute Resolution Policy
By this agreement (the "Agreement"), I agree to the exclusive resolution of all claims arising out of or relating to my application for employment, employment, or termination of employment by the terms of the company's dispute Resolution Policy ("DRP") attached hereto as Exhibit A.
The claims covered by this Agreement, shall include, but are not limited to, all statutory or common law claims for wages, breach of any express or implied promises, torts, discrimination on any basis, but shall not include claims for workers['] compensation, unemployment compensation, claims for preliminary injunctive relief as to intellectual property and trade secrets, or claims under any benefit plans, pension plans or other agreements that have their own dispute resolution procedures.
I understand that, as a result of this Agreement, I and the Company have waived the right to jury trial, and to file *1193 any lawsuit except as may be necessary to enforce the terms of this Agreement.
Clerk's Papers (CP) at 42.
¶ 8 The Arbitration Agreement, by its plain terms, does not apply to Davis's claims arising out of his time as a contract worker. Instead, it applies to his "application for employment, employment, or termination of employment." CP at 42. Simply because he is currently an employee who signed the Arbitration Agreement does not trigger arbitration when the Arbitration Agreement does not cover any of his claims. That General Dynamics asked Davis to sign the Arbitration Agreement as a precondition of employment after he previously performed contract work as a Contract Professionals employee emphasizes the significance of the word "employment" in the context of the Arbitration Agreement.
¶ 9 Although the Arbitration Agreement covers certain employment claims Davis may have against General Dynamics, it does not cover claims arising out of his time as a contract worker before he applied for employment with General Dynamics. Thus, we cannot fairly say that the Arbitration Agreement covers his claims as they do not relate to his employment with General Dynamics. Heights, 148 Wash.App. at 403, 200 P.3d 254.
¶ 10 The trial court also agreed with General Dynamics that under the Arbitration Agreement, an arbitrator should decide questions of arbitrability. On appeal, Davis argues that this logic merely begs the question because it assumes the authority of an arbitrator without first establishing the validity of the Arbitration Agreement. He is correct that the trial court, not an arbitrator, generally determines the arbitrability of a dispute. Peninsula Sch. Dist. No. 401 v. Pub. Sch. Employees of Peninsula, 130 Wash.2d 401, 413, 924 P.2d 13 (1996); RCW 7.04A.060(2) ("The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate."). The trial court had the responsibility for determining arbitrability, and it erred in sending that issue to the arbitrator because the Arbitration Agreement does not apply to Davis's pre-employment application claims.
¶ 11 Reversed and remanded for further proceedings.
We concur: VAN DEREN, C.J., and BRIDGEWATER, J.