# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2014 JAN 27 AM 10: 55

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

MAGNADRIVE CORPORATION, a
Washington corporation,

              Respondent,

        v.

MAGNA FORCE, INC., a Washington
corporation; and SYNERGY GREEN
TECH CORPORATION, a California
corporation,

              Appellants.

No. 69769-2-I

DIVISION ONE

UNPUBLISHED

FILED: January 27, 2014

COX, J. — A court may vacate an arbitrator's award "only in very limited circumstances, such as when an arbitrator has exceeded his or her legal authority."[1] Here, Magna Force Inc. ("MFI") fails in its burden to show from the face of the arbitrator's award in this case that the arbitrator exceeded his authority. We affirm the order confirming the arbitrator's award in favor of MagnaDrive Corporation ("MagnaDrive").

MFI, a Washington corporation, develops magnet technologies. These technologies include adjustable speed coupling systems ("ASCS") and fixed gap couplings ("FGC").

---

[1] Kitsap County Deputy Sheriff's Guild v. Kitsap County, 167 Wn.2d 428, 434, 219 P.3d 675 (2009).

In June1999, MFI and MagnaDrive entered into a license agreement that gave MagnaDrive a "license to commercialize and exploit" MFI's patent rights and ASCS and FGC technology (the "License Agreement"). This agreement contained three criteria for the consent by either party to the assignment of the agreement. One criterion was that the location of any assignee's principal place of business be in the United States, Canada, or Europe.

This agreement also contained progressive dispute resolution procedures, which included good faith negotiations, mediation, and arbitration.

By the "Patent Assignment Agreement" dated August 10, 2010, MFI purported to assign its interest in the License Agreement to Synergy GreenTech Corp. Specifically, this assignment purported to assign to Synergy "any and all licenses held by [MFI] as licensor covering FGCs or ASCSs which license patent rights." Thereafter, Synergy threatened to terminate the License Agreement on the grounds that MagnaDrive had allegedly materially breached the License Agreement.

MagnaDrive objected to the assignment after learning of it. It moved to compel arbitration under the License Agreement in order to challenge MFI's purported assignment to Synergy. It asserted that MFI could not assign the License Agreement because certain assignment requirements were not met. The superior court entered an order compelling arbitration.

The parties arbitrated their disputes before an arbitrator they selected. The arbitrator concluded that the purported assignment of the License Agreement did not meet the principal place of business requirement for the

assignment. Consequently, the arbitrator voided the Patent Assignment Agreement.

Thereafter, MagnaDrive moved for an order confirming the award. MFI moved to vacate the award. The trial court confirmed the award.

MFI appeals.

## ARBITRATOR'S AUTHORITY

MFI argues that the superior court erred when it confirmed the arbitration award. It contends the court should have vacated the award under two statutory grounds. We disagree and hold that the court properly confirmed the award.

Washington courts give substantial finality to an arbitrator's decision rendered in accordance with the parties' contract and the Washington Uniform Arbitration Act, chapter 7.04A RCW.[2] Courts "will review an arbitration decision only in very limited circumstances."[3] "The [superior] court's review is confined to the question of whether any of the statutory grounds for vacation exist."[4] "The burden of showing that such grounds exist is on the party seeking to vacate the award."[5] We review de novo this question of law.[6]

---

[2] Davidson v. Hensen, 135 Wn.2d 112, 118, 954 P.2d 1327 (1998).

[3] Kitsap County, 167 Wn.2d at 434.

[4] Cummings v. Budget Tank Removal & Envtl. Servs., LLC, 163 Wn. App. 379, 388, 260 P.3d 220 (2011).

[5] Id.

[6] Wash. State Dep't of Transp., Ferries Div. v. Marine Emps. Comm'n, 167 Wn. App. 827, 835, 274 P.3d 1094 (2012).

Under RCW 7.04A.230(1)(d), one of these statutory grounds is that the "arbitrator exceeded the arbitrator's powers." An arbitrator exceeds his or her authority when the arbitration award exhibits an erroneous rule of law or a mistaken application of law.[7] An arbitrator also exceeds his or her powers if the arbitrator decides a "nonarbitrable issue."[8]

Another statutory ground is found in RCW 7.04A.230(1)(c). "[T]he court shall vacate an award if . . . [a]n arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to RCW 7.04A.150, so as to prejudice substantially the rights of a party to the arbitration proceeding."[9]

Vacation of an award "is available only if the alleged error appears 'on the face of the award.'"[10] In other words, the error should be "recognizable from the language of the award."[11] Generally, the reviewing court does not consider the merits of the claim or the evidence before the arbitrator.[12]

---

[7] Boyd v. Davis, 127 Wn.2d 256, 263, 897 P.2d 1239 (1995).

[8] Agnew v. Lacey Co-Ply, 33 Wn. App. 283, 288, 654 P.2d 712 (1982).

[9] RCW 7.04A.230(1)(c).

[10] Cummings, 163 Wn. App. at 389; see also Boyd, 127 Wn.2d at 262-63.

[11] Cummings, 163 Wn. App. at 389.

[12] Davidson, 135 Wn.2d at 119.

*Patent Assignment Agreement*

MFI first argues that the award should be vacated under RCW 7.04A.230(1)(d). Specifically, it argues that the arbitrator exceeded his authority when he decided a nonarbitrable issue and voided MFI's Patent Assignment Agreement with Synergy. We disagree.

An agreement to arbitrate "'defines and limits the issues to be decided.'"[13] "The authority of the arbitrator is wholly dependent upon the terms of the agreement of submission. The arbitration award must concern only those matters included within the agreement for submission and must not exceed the powers established by the submission."[14] "If a dispute is not arbitrable, the arbitrators have no power to resolve it."[15]

"If any doubts or questions arise with respect to the scope of the arbitration agreement, the agreement is construed in favor of arbitration, unless the reviewing court is satisfied the agreement cannot be interpreted to cover a particular dispute."[16]

Here, the scope of the agreement to arbitrate in the License Agreement between MFI and MagnaDrive is very broad. Specifically, Paragraph 12.1 stated:

---

[13] ACF Prop. Mgmt., Inc. v. Chaussee, 69 Wn. App. 913, 919, 850 P.2d 1387 (1993) (quoting Sullivan v. Great Am. Ins. Co., 23 Wn. App. 242, 246, 594 P.2d 454 (1979)).

[14] Sullivan, 23 Wn. App. at 246.

[15] Agnew, 33 Wn. App. at 288.

[16] Townsend v. Quadrant Corp., 153 Wn. App. 870, 887, 224 P.3d 818 (2009).

> In the event of any dispute between the Parties *relating to
> the interpretation, construction, application or requirements of
> this Agreement*, the Parties will follow the procedures set forth in
> this *Section 12* prior to initiating any litigation or pursuing other
> available remedies, unless otherwise agreed by the Parties at the
> time the dispute arises.[17]

As noted previously, one of the procedures specified in Section 12 of the License Agreement is arbitration. Thus, the first question is whether the dispute between MFI and MagnaDrive over the purported assignment to Synergy "relates to" any of the above-specified categories of disputes. We conclude that it does.

This court has explained that "an arbitration clause that encompasses any controversy 'relating to' a contract is broader than language covering only claims 'arising out' of a contract."[18] This is consistent with a number of other jurisdictions that have broadly interpreted "relating to" language within the arbitration context.[19]

The arbitrator's interpretation of the License Agreement in the final award dated May 30, 2012 fell within this broad arbitration provision. In the final award, the arbitrator interpreted the License Agreement's "requirements" for the potential assignment of the agreement. Paragraph 14.5 of the License Agreement stated:

> Neither Party shall assign . . . this Agreement, the
> [MagnaDrive] License or any of its rights, title or interests under this

---

[17] Clerk's Papers at 99 (emphasis added).

[18] Townsend, 153 Wn. App. at 887 (quoting McClure v. Davis Wright Tremaine, 77 Wn. App. 312, 314, 890 P.2d 466 (1995)).

[19] See, e.g., Lovey v. Regence BlueShield of Idaho, 139 Idaho 37, 46, 72 P.3d 877 (2003); Karl Storz Endoscopy-Am., Inc. v. Integrated Med. Sys., Inc., 808 So.2d 999, 1013 (2001); Flightways Corp. v. Keystone Helicopter Corp., 459 Pa. 660, 663, 331 A.2d 184 (1975).

Agreement or the [MagnaDrive] License, without the prior written consent of the other Party, which consent shall not be unreasonably withheld. . . . [MagnaDrive] hereby consents to MFI's assignment of this Agreement more than two (2) years after the date of this Agreement to a successor of MFI's ownership of the MFI Rights . . .; ***provided further that the successor principal place of business is located in the United States, Canada or Europe or another country approved by MDC***, which approval shall not be unreasonably withheld.[20]

The arbitrator correctly interpreted this provision as establishing "three criteria for the advance consent to the assignment of the License Agreement by either party: [(1)] assignment of the License Agreement itself, [(2)] assumption of the obligations of the assignor under the License Agreement, and [(3)] location of assignee's principal place of business in the United States, Canada or Europe."

In the final award, the arbitrator concluded that the third requirement for advance consent was not met. The face of the award shows that he did so based on various exhibits as well as the live and deposition testimony of various witnesses, all of which is proper under controlling law.

The second question is whether the arbitrator exceeded his powers when he went on to "void" the purported assignment by MFI evidenced by the Patent Assignment Agreement. The final award stated:

. . .

4. Since all three of the advance consent requirements have not been satisfied, the purported assignment reflected in the [Patent] Assignment Agreement is void.

5. The validity of the [Patent] Assignment Agreement, as a whole, was before the Arbitrator and the Arbitrator declared the [Patent] Assignment Agreement void in its entirety. Because the

---

[20] Clerk's Papers at 103-04 (emphasis added).

[Patent] Assignment Agreement is void, it does not effect a transfer of any rights, either to the License Agreement or the MFI Patents, to Synergy.

While neither party expressly argues the point, the arbitrator stated in the award that "JAMS Rules are applicable to this proceeding as provided by Paragraph 12.4 of the License Agreement." According to the arbitrator, the JAMS Comprehensive Arbitration Rules and Procedures that apparently govern this arbitration provide that the arbitrator "may grant any relief that is just and equitable." Voiding the assignment that was before the arbitrator is, in our view, unquestionably within this scope of relief of these JAMS Rules and Procedures to which these parties agreed. Thus, this language on the face of the arbitration award supports the arbitrator's relief.

In sum, on the face of the award, the arbitrator acted within his authority when he concluded that the purported assignment of the License Agreement reflected in the Patent Assignment Agreement was ineffective because it failed one of the assignment requirements in the License Agreement. Moreover, the face of the award also shows that he was within his authority to grant the relief of voiding that purported assignment.

MFI concedes that this court should examine the face of the award to determine whether the arbitrator exceeded his authority. But it argues that the agreement to arbitrate in the License Agreement did not extend to the Patent Assignment Agreement. Specifically, MFI asserts that the two agreements were different contracts, involved different parties, were entered into at different times, and contained different legal rights. These arguments are wholly unpersuasive.

First, although the Patent Assignment Agreement between MFI and Synergy is a different agreement from the License Agreement between MFI and MagnaDrive, they clearly "relate to" each other. The issue before the arbitrator was whether the License Agreement's "requirements" for consent to assignment were met by the Patent Assignment Agreement. Whether these requirements were met is expressly within the scope of the arbitration provision between MFI and MagnaDrive.

Second, MFI contends that it did not consent to expanding the arbitrator's jurisdiction to cover the entire Patent Assignment Agreement. But "expanding" the arbitrator's authority is not at issue. As we already discussed, the arbitrator had the authority to adjudicate the issues relating to the purported assignment. Thus, this argument is not persuasive.

MFI cites Davis v. General Dynamics Land Systems,[21] Weiss v. Lonnquist,[22] and Nelson v. Westport Shipyard Inc.[23] to support its assertion that the License Agreements' arbitration clause does not extend to the Patent Assignment Agreement. But the question in those cases was whether the parties agreed to arbitrate a particular issue.[24] Those cases are not helpful because they were addressing a different issue than the issue in this case. Here, MFI

---

[21] 152 Wn. App. 715, 217 P.3d 1191 (2009).

[22] 153 Wn. App. 502, 224 P.3d 787 (2009).

[23] 140 Wn. App. 102, 163 P.3d 807 (2007).

[24] Davis, 152 Wn. App. at 718-19; Weiss, 153 Wn. App. at 510-14; Nelson, 140 Wn. App. at 116-19.

focuses on whether the arbitrator exceeded his authority when he voided the Patent Assignment Agreement. As discussed previously in this opinion, the arbitrator acted within his authority when he imposed this relief. Thus, the cases MFI cites are not helpful.

### MFI's Counterclaim

MFI next asserts that the arbitrator refused to consider its counterclaim. Thus, it contends that the arbitrator exceeded his authority under RCW 7.04A.230(d) and did not consider evidence material to the controversy under RCW 7.04A.230(c). The face of the award shows otherwise.

"Arbitration is a statutorily recognized special proceeding."[25] Whether parties will engage in arbitration depends on the parties' contract and then the "rights of the parties are controlled by the [arbitration] statute."[26]

Here, MFI and Synergy raised counterclaims during arbitration. The arbitrator's final award stated:

. . .

> 7.    Respondents [MFI and Synergy] asserted counterclaims in this Arbitration seeking to establish the validity of the [Patent] Assignment Agreement. Respondent Synergy asserted additional counterclaims alleging breach of the License Agreement by MagnaDrive. The [Patent] Assignment Agreement was declared void and Respondents' counterclaims are therefore dismissed with prejudice.

---

[25] Price v. Farmers Ins. Co. of Wash., 133 Wn.2d 490, 496, 946 P.2d 388 (1997).

[26] Id.

This language plainly shows that the arbitrator considered and rejected MFI's counterclaims. MFI's claims to the contrary under RCW 7.04A.230(c) and (d) have no basis on the face of the final award.

MFI, relying on an order that is neither incorporated in nor otherwise part of the final award, argues that the arbitrator admitted that he did not consider the counterclaim. Specifically, MFI cites the following statement in the arbitrator's Order on Respondent Magna Force Inc.'s Request for Clarification and Consideration of New Evidence: "'issues of individualized consent and the reasonableness of withholding consent were not presented in the arbitration and were not part of the dispute resolution procedures.'"

As MagnaDrive correctly points out, this statement is in an order that was not incorporated into the final award, which is the award before this court on appeal. Given the plain language regarding the consideration of MagnaDrive's counterclaims in the final award, we reject MFI's argument.

In sum, MFI failed to prove that the final award should be vacated under RCW 7.04.230(1)(c) and (d). Consequently, the trial properly confirmed the award in favor of MagnaDrive.

## ATTORNEY FEES

MagnaDrive seeks an award of attorney fees on appeal based on RCW 7.04A.250 and the License Agreement's attorney fee provision. We award such fees, subject to MagnaDrive's compliance with RAP 18.1.

Under RCW 7.04A.250, "[a] court may allow reasonable costs of the motion and subsequent judicial proceedings." Costs include reasonable attorney fees under this provision.[27]

Also, the arbitrator decided that the prevailing party was entitled to attorney fees under Paragraph 14.6 of the License Agreement:

> "In the event of any action to enforce this Agreement or on account of any breach of or default under this Agreement, the prevailing Party in such action shall be entitled to recover . . . from the other Party all reasonable attorneys' fees incurred by the prevailing party in connection with such action . . . ."

Here, the parties appear to agree that the prevailing the party on this appeal is entitled to an award of attorney fees. Because MagnaDrive is the prevailing party, we award it reasonable attorney fees.

We affirm the final judgment on arbitration award, and award attorney fees to MagnaDrive, subject to its compliance with RAP 18.1.

_Cox, J._

WE CONCUR:

_Leach, C.J._                    _Appelwick, J._

---

[27] RCW 7.04A.250(3); Optimer Int'l, Inc. v. RP Bellevue, LLC, 170 Wn.2d 768, 774, 246 P.3d 785 (2011) ("RCW 7.04A.250(3) permits an award of attorney fees and expenses to a prevailing party in contested judicial proceedings to confirm, vacate, modify, or correct an arbitration award.").